UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/6/2023___
```

IN RE
TOPS HOLDING II CORPORATION, *et al.*,

                              Debtors.

---

ALAN D. HALPERIN, AS THE LITIGATION
TRUSTEE FOR THE TOPS HOLDING
LITIGATION TRUST,

                              Plaintiff.

        -against-

MORGAN STANLEY INVESTMENT
MANAGEMENT INC.; MORGAN STANLEY
CAPITAL PARTNERS V U.S. HOLDCO LLC
a/k/a NORTH HAVEN CAPITAL PARTNERS V
U.S. HOLDCO LLC; HSBC EQUITY PARTNERS
USA, L.P.; HSBC PRIVATE EQUITY PARTNERS
II USA L.P.; TURBIC INC; BEGAIN COMPANY
LIMITED; GARY MATTHEWS; ERIC KANTER;
ERIC FRY; GREG JOSEFOWICZ; and STACEY
RAUCH,

                              Defendants.

No. 22-Civ-9450 (NSR)
No. 22-Civ-9464 (NSR)
No. 22-Civ-9471 (UA)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

This matter arises from the voluntary Chapter 11 bankruptcy petition of the Tops Holding

II Corporation and its affiliated debtors (collectively, "Tops"). On October 17, 2022, the

Bankruptcy Court entered an order ("Bankruptcy Order"), granting in part and denying in part

motions to dismiss Plaintiff-Trustee Alan D. Halperin ("Plaintiff" or "Trustee")'s Complaint.

The private equity defendants who moved for dismissal before the Bankruptcy Court—

HSBC Equity Partners USA, L.P., HSBC Private Equity Partners II USA L.P. (together, "HSBC"),

Morgan Stanley Investment Management Inc., Morgan Stanley Capital Partners V U.S. Holdco

LLC a/k/a North Haven Capital Partners V U.S. Holdco LLC (together, "Morgan Stanley"),[1] Turbic Inc. ("Turbic"),[2] and Begain Company Limited ("Begain")[3] (collectively, "PE Defendants")—now move before this Court pursuant to 28 U.S.C. §158(a) and Fed. R. Bankr. P. 8004 for leave to appeal the Bankruptcy Order. (ECF No. 3.)

For the foregoing reasons, the Court DENIES PE Defendants' motions for leave to appeal.

## BACKGROUND

Tops owned and operated 169 supermarkets in upstate New York, northern Pennsylvania, and Vermont. On February 21, 2018, Tops filed for Chapter 11 bankruptcy in the Southern District of New York. The Tops Holding Litigation Trust ("Trust") was created under a Second Amended Joint Plan of Reorganization ("Plan"). The Plan appoints Plaintiff as the Litigation Trustee and authorizes Plaintiff to investigate and pursue causes of actions for the benefit of Tops' unsecured creditors.

On February 12, 2020, Plaintiff initiated adversary proceedings in the Bankruptcy Court. Plaintiff's complaint ("Complaint" or "Compl.") primarily challenges four dividends paid by Tops to the PE Defendants between 2009 and 2013: (1) in October 2009, Tops issued $275 million of senior secured notes to fund a $105 million dividend to the PE Defendants ("2009 Dividend"); (2) in July 2010, Tops issued a $30 million dividend to the PE Defendants ("2010 Dividend"); (3) in December 2012, Tops issued $460 million of senior secured notes to fund a $100 million dividend to the PE Defendants ("2012 Dividend"); and (4) in May 2013, Tops issued $150 million of senior secured notes to fund a $141.9 million dividend to the PE Defendants ("2013 Dividend") (collectively, "Dividends"). In sum, the Dividends exceeded $370 million. Plaintiff alleges that

---

[1] Morgan Stanley joins HSBC's Reply (ECF No. 6) with the exception of Section V of the Reply, which concerns only HSBC's intent. (ECF No. 7.)

[2] Turbic joins HSBC's motion for leave to appeal in related case 7:22-cv-9471 (NSR).

[3] Begain joins HSBC's motion for leave to appeal in related case 7:22-cv-9464 (NSR).

the Dividends are avoidable as constructive and actual fraudulent transfers pursuant to 11 U.S.C.

Sections 544(b) and 550(a)(1) and New York Debtor and Creditor Law ("NYDCL") Sections 273-

276.

On May 29, 2020, PE Defendants moved to dismiss the Complaint under Fed. R. Bankr. P.

("FRBP") 7201 and Fed. R. Civ. P. ("FRCP") 12(b)(6), (BK Doc. Nos. 30, 33), to which Plaintiff

opposed (BK Doc. No. 46). The Bankruptcy Court heard oral argument on the motion to dismiss

on September 10, 2020, after which the parties submitted supplemental briefing through

September 2021. (BK Doc. Nos. 60, 63, 68, 69, 75, 76, 83, 85.)

By Memorandum dated October 12, 2022 (ECF No. 1-2) and Order dated October 17, 2022

(ECF No. 1-1) (collectively, "Bankruptcy Order"), the Bankruptcy Court granted dismissal of a

limited portion of the Complaint but found that Plaintiff had sufficiently pled all remaining claims.

The Bankruptcy Order stated, in pertinent part:

> 1. The Motions to Dismiss are GRANTED, without prejudice as set forth herein,
> as to (a) Count XI of the Complaint . . .  to the extent that it asserts any claims for
> breach of fiduciary duty against Defendants Gregory Josefowicz and Stacey Rauch,
> and (b) Count XII of the Complaint, asserting a claim against Defendant Morgan
> Stanley Investment Management Inc. d/b/a Morgan Stanley Private Equity and
> Morgan Stanley Capital Partners for aiding and abetting breach of fiduciary duty.
> 2. The Motions to Dismiss are otherwise DENIED.

(ECF No. 1-1.) Plaintiff was further granted leave to amend. (*Id.*)

On October 31, 2022, HSBC timely moved for leave to appeal the Bankruptcy Order (ECF

No. 1). On November 21, 2022, Morgan Stanley filed a joinder to join in HSBC's motion. (ECF

No. 7). On December 13, 2022, the Bankruptcy Court granted Plaintiff's motion for leave to amend

the Complaint. (BK Doc. No. 126.) The Amended Complaint ("AC") repleads the claim against

Morgan Stanley for aiding and abetting breach of fiduciary duty. (BK Doc. No. 127.) Morgan

Stanley filed an answer to the AC on December 14, 2022. (BK Doc. No. 135.)

**LEGAL STANDARD**

28 U.S.C. Section 158(a)(3) prescribes that "with leave of the court," district courts have jurisdiction to hear appeals from interlocutory orders and decrees of the bankruptcy courts. 28 U.S.C. § 158(a)(3). To determine whether leave to appeal should be granted, district courts apply the standards prescribed in 28 U.S.C. § 1292(b) ("Section 1292(b)"). *See Picard v. Multi-Strategy Fund Ltd.*, 2022 U.S. Dist. LEXIS 200858, *13 ("[T]he majority of district courts in the Second Circuit have applied the analogous standard for certifying an interlocutory appeal set forth in 28 U.S.C. § 1292(b)").

A court may certify for interlocutory appeal an order that involves "(1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from which may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The 'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record. The question must also be 'controlling' in the sense that reversal of the bankruptcy court would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome." A "substantial ground for a difference of opinion' must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order. Substantial ground would exist if the issue is difficult and of first impression." *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 673 (S.D.N.Y. 2011) (citing *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y.2005)).

The moving party has the burden of establishing all three elements. *See Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005). Even when such statutory criteria are met, "[d]istrict court judges have broad discretion to deny certification." *Century Pac., Inc. v. Hilton Hotels Corp.*,

574 F.Supp.2d 369, 370–71 (S.D.N.Y. 2008) (internal citations omitted). In addition, interlocutory appeals are strongly disfavored in federal practice. *In re Ambac Fin. Grp., Inc. Sec. Litig.,* 693 F.Supp.2d 241, 282 (S.D.N.Y. 2010). Movants cannot invoke the appellate process "as a vehicle to provide early review of difficult rulings in hard cases." *In re Levine,* No. 94–44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004) (internal citations omitted).

For the foregoing reasons, and because a basic tenet of federal law is to delay the appellate review until a final judgment, Section 1292(b) certification should be "rare." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir.1996). Certification should be reserved for "exceptional" cases, such as where an immediate appeal would avoid protracted litigation. *Id.* at 865–66. *See also In re Facebook, Inc., IPO Sec. & Derivative Litig.,* 986 F.Supp.2d 524, 529–30 (S.D.N.Y.2014) (quoting *McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y.1993) (Sotomayor, J.) ("[O]nly exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.").

**DISCUSSION**

## I.    Word Limit

As a threshold matter, PE Defendants argue in their Reply ("Reply," ECF No. 6) that Plaintiff's opposition brief ("Opposition" or "Opp.," ECF No. 4), at 9,969 words, exceeds the length limit of 5,200 allowed by FRBP 8013(f)(3)(A)[4], thereby prejudicing PE Defendants.

---

[4] FRBP 8013(f)(3)(A) provides:
    **(3) Length limits**
    Except by the district court's or BAP's permission, and excluding the accompanying documents authorized by subdivision (a)(2)(C):
    **(A)** a motion or a response to a motion produced using a computer must include a certificate under Rule 8015(h) and not exceed 5,200 words[.]
Fed. R. Bankr. P. 8013

Plaintiff construes this argument as a "*de facto* Motion to Strike" and vigorously opposes by letter motion. (ECF No. 8).

The Court concludes that FRBP 8013(f)(3)(A)'s length limit governs. Plaintiff's argument that FRBP 8004's silence relieves motions for leave to appeal from any word limit is unavailing, especially in light of FRBP 8013(f)(3)(A)'s plain language. Thus, Plaintiff's Opposition is non-compliant.[5]

Given that PE Defendants had an adequate opportunity to respond to the Opposition in their Reply, and in the interest of judicial economy, the Court considers Plaintiff's Opposition for the instant motion. However, Plaintiff is forewarned that any future submissions must comply with the corresponding FRBP requirements. Any future non-compliant submission maybe struck in its entirety.

## II.    28 U.S.C. § 1292(b)

The Court next addresses whether PE Defendants met their burden of establishing the three Section 1292(b) elements: namely, whether the Bankruptcy Order involves "[1] a controlling question of law [2] as to which there is a substantial ground for difference of opinion and [3] that an immediate appeal from which may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

PE Defendants seek leave to appeal three questions from the Bankruptcy Order:

1. Whether the Bankruptcy Court erred in holding that Trustee [-Plaintiff], a non-governmental entity pursuing private interests, may take advantage of the longer, 10-year limitations period afforded the Internal Revenue Service [("IRS")] under the Internal Revenue Code [("IRC")] and, thus, that the claims relating to the 2009 and 2010 Dividends may proceed. ("SOL.")
2. Whether the Bankruptcy Court erred in holding that the Trustee's failure to allege fraudulent intent on the part of HSBC is not fatal to his actual-fraudulent-transfer claims against HSBC. ("NYDCL § 276 Pleading Standard.")

---

[5] Plaintiff has no occasion to assert that he is entitled to four times the FRBP 8013(f)(3)(A) limitation. HSBC's principal brief, at 5,197 words, was fully compliant with FRBP 8013(f)(3)(A).

3. Whether the Bankruptcy Court erred in holding that the Safe Harbor Dividends (a) are not qualifying transactions and (b) were not made by or to a "financial institution" within the meaning of 11 U.S.C. § 546(e). ("Section 546(e) Safe Harbor.")

(PE Def. Mot. at 12, ECF No. 3.) The Court addresses each in turn.

**A. SOL**

The first question is whether Plaintiff, standing in the shoes of IRS, is entitled to the longer limitations period afforded to the IRS ("SOL Question"). This is a pure question of law, but not one as to which exists a substantial ground for a difference of opinion. The authorizing statute, 11 U.S.C. § 544(b) ("Section 544(b)"), provides, in pertinent part:

[T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under [11 U.S.C. § 502 Allowance of Claims or Interests.]

11 U.S.C.A. § 544 (West). The language of Section 544(b) is clear: it contains no state limitations period. The bankruptcy courts in the Second Circuit, in examining this issue, agree on Section 544(b)'s plain meaning and *Wagner v. Ultima Homes, Inc. (In re Vaughan Co., Realtors)*'s unpersuasiveness. 498 B.R. 297, 300 (Bankr. D.N.M. 2013). *See Pereira v. Omansky (In re Omansky)*, Nos. 18-13809 (LGB), 20-01091 (LGB), 2022 Bankr. LEXIS 2535, at *27 (Bankr. S.D.N.Y. Sep. 15, 2022). As both Judge Drain and Judge Beckerman reasoned, policy arguments do not enable a court to read into Section 544(b) a state law limitations bar[6] that is plainly absent.

Further, the elimination of the 2009 and 2010 Dividends claims on appeal is unlikely to materially hasten the termination of the litigation. Elimination of any existing claims advances a

---

[6] The Court agrees with Judge Drain that "section 544(b)(1) would need to be amended by adding to its final clause 'provided, that only the state law limitations period shall apply'" for PE Defendants to prevail on their argument. (Bankruptcy Mem. at 22-23, ECF No. 1-2.)

case to some extent. However, given the parallel nature of the four Dividend claims in this matter, the likely overlapping discovery significantly undermines the degree to which this matter will advance.

Accordingly, the SOL Question fails the Section 1292(b) requirements.

**B.  NYDCL § 276 Pleading Standard**

The second question is whether NYDCL § 276 requires proof of only the transferor's fraudulent intent as the Bankruptcy Court held, or mutual fraudulent intent of both the transferor and the transferee ("Pleading Standard Question").

This question may be phrased as a pure question of law, but it is not a controlling question of law which this Court can "decide quickly and cleanly without having to study the record." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) (internal citation and quotation omitted). PE Defendants' contention—that this question is "controlling" because "all four intentional fraudulent transfer claims HSBC" will likely be dismissed (HSBC Mem. at 13)—reveals a tacit assertion that Plaintiff did not or could not sufficiently plead mutual fraudulent intent. Plaintiff responded in opposition that he sufficiently pled mutual fraudulent intent regardless of the applicable pleading standard.

The sufficiency of Plaintiff's pleading is beyond the purview of this motion. If the Court must study the record to determine the appeal-ability of the question presented, the question is not appealable under Section 1292(b). Here, as the parties themselves argue, the Court cannot assess how controlling the Pleading Standard question is without considering the sufficiency of Plaintiff's pleading. In accordance with Section 1292(b), the Court declines to conduct such a "fact-specific inquiry." *In re Facebook, Inc.*, 986 F. Supp. 2d at 537 (S.D.N.Y. 2014) (citing *Monaghan v. SZS 33 Associates, L.P.,* 153 F.R.D. 60, 64 (S.D.N.Y.1994)).

### C.  Safe Harbor Dividends

The third question is whether the Safe Harbor Dividends were (1) "qualifying transactions" (2) made by and to a "financial institution" within the meaning of 11 U.S.C. § 546(e). Section 546(e) provides, in relevant part: "the trustee may not avoid a transfer . . . made by or to (or for the benefit of) a . . . financial institution . . . in connection with a securities contract . . ." 11 U.S.C.A. § 546 (West). PE Defendants argue that the underlying Safe Harbor Dividends are not avoidable because they were funded by notes offerings, transacted through nationally chartered banks, and thusly covered by Section 546(e). The Bankruptcy Court found the notes offerings to be securities contracts under Section 546(e), but concluded that (1) the Safe Harbor Dividends were separate and distinct from the notes offerings, and (2) the Safe Harbor Dividends were not qualifying transactions "made by or to a financial institution" because only a creditor-debtor relationship existed between the parties and the banks.

This is clearly not a pure question of law. Despite PE Defendants' characterization of it as an "interpretation of Section 546(e)," this Safe Harbor Dividends question is, in form and substance, a fact-intensive inquiry[7] of Section 546(e)'s applicability to the record presented. *See Picard v. Multi-Strategy Fund Ltd.*, No. 22-cv-06502, 2022 U.S. Dist. LEXIS 200858, at *24-25 (S.D.N.Y. Nov. 3, 2022) (interlocutory appeal denied; Section 546(e) applicability "was fact-intensive" and "does not turn on a pure question of controlling law"). It is precisely such questions that 28 U.S.C. Section 1292(b) counsels against certification.

While the Court need not reach the other Section 1292(b) elements, this Court is further of the view that certification of the Safe Harbor Dividends question for appeal will result in protracted

---

[7] The Bankruptcy Court, best-equipped to conduct such an inquiry, judiciously did so in its detailed and well-researched opinion. (ECF No. 1-2.)

and piecemeal litigation, the antithesis of the material advancement contemplated by Section 1292(b).

Accordingly, the Court declines to certify the Safe Harbor Dividends question for interlocutory appeal.

## CONCLUSION

For the foregoing reasons, the Court denies each of PE Defendants' motion for leave to appeal the Bankruptcy Order.

The Clerk of Court is respectfully directed to terminate the following motions:

(1) Case No. 22-cv-9450, ECF No. 3;

(2) Case No. 22-cv-9464, ECF No. 3; and

(3) Case No. 22-cv-9471, [8] ECF No. 3.

The Clerk of Court is further directed to close each of the above listed cases.

Dated: January 6, 2023

White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

---

[8] While 22-cv-9471 is currently unassigned, this Court has accepted 22-cv-9471 as related to 22-cv-9450.